UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDIA TISCARENO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2019-cv-03234 |
| v. ) | |
| ) | |
| CAVALRY SPV I, LLC, and ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Claudia Tiscareno, brings this action against Defendant, Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC, under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and alleges as follows.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because many of the acts and transactions occurred here and Defendants transacts substantial business here.

## PARTIES

3. Plaintiff, Claudia Tiscareno ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted GE Capital Corp./Care Credit consumer credit account designated for medical care. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

1

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company with a principal office at 500 Summit Dr., Suite 400, Valhalla, NY 10595, and authorization through the Illinois Secretary of State to do business in Illinois; its registered agent is CT Corporation System at 208 S. LaSalle St., Suite 814, Chicago, IL 60604. See registration record from Illinois Secretary of State attached as **Exhibit A**.

5. Cavalry holds a collection agency license from the State of Illinois and does business in Illinois as a collection agency pursuant to that license. See registration record from Illinois Department of Financial & Professional Regulation attached as **Exhibit B**.

6. Cavalry's principal business purposes are the purchase of large portfolios of defaulted consumer debt for which Cavalry pays a small faction of the stated book value of such defaulted debt, and the collection the full amount of such purchased debt for itself through debt collectors.

7. Cavalry collects defaulted consumer debts originally owed to others by sending letters through the US Postal Service to consumers, by making telephone calls to consumers, by furnishing data to credit bureaus reflecting such defaulted debt owed to Cavalry, and/or through litigation against consumers.

8. Cavalry derives 100% of its profit from funds received from consumers in response to Cavalry's efforts to collect said portfolios of defaulted debt.

9. Cavalry is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

10. Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company with a principal office at 4050 E. Cotton Ctr. Bldg. 2, Suite 20, Phoenix, AZ 85040 and authorization through the Illinois Secretary of State to do business in Illinois; its registered agent is CT Corporation System at 208 S. LaSalle St., Suite 814, Chicago, IL 60604. See attached registration record from Illinois Secretary of State, attached as **Exhibit C**.

11. CPS holds a collection agency license from the State of Illinois and does business in Illinois as a collection agency pursuant to that license. See registration record from Illinois Department of Financial & Professional Regulation attached as **Exhibit D**.

12. CPS regularly collects, or attempts to collect, defaulted consumer debts owned by, and on behalf of, Cavalry.

13. CPS also acts as a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the U.S. Postal Service mail in its business, the principal purpose of which is the collection of defaulted consumer debts.

14. At all relevant times, CPS was the authorized agent for Cavalry in relation to the collection of defaulted debt that was purchased by Cavalry.

15. Blitt & Gaines P.C. ("Blitt") is a law firm organized as a professional corporation in the state of Illinois, that regularly collects or attempts to collect debts originally owed or due another.

16. Blitt is thus a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) of the FDCPA.

17. At all relevant times, Blitt was the authorized agent for Cavalry and/or CPS in relation to the collection of defaulted debt that was purchased by Cavalry.

## STANDING

18. Defendants filed a lawsuit against Plaintiff to attempt to collect a debt which was barred by the statute of limitations and to which Defendants had no legal right to collect.

19. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and is likely to be redressed by a favorable decision in this matter. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, payment of legal fees for an attorney to represent her in said litigation, and emotional distress caused by Defendants' actions, when Defendants had no legal right to file such lawsuit.

20. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## FACTUAL ALLEGATIONS

21. According to Defendants, Plaintiff incurred an alleged debt for medical care, originally financed through a defaulted GE Capital/Care Credit credit card account (herein the "alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

22. Due to her financial circumstances, Plaintiff could not pay any alleged debts and the alleged debt went into default.

23. Cavalry subsequently purchased the alleged debt and retained CPS to collect the alleged debt from Plaintiff.

24. On or about November 20, 2015, Blitt, on behalf of Cavalry, filed a complaint against Plaintiff to collect the alleged debt in the Circuit Court of Cook County, First Municipal District, captioned *Cavalry SPV I, LLC, v. Claudia Tiscareno,* with Court No. 2015-M1-127832 ("Circuit Court Case"). Circuit Court Complaint and Summons are attached hereto as **Exhibit E**.

25. The Complaint was served upon Plaintiff on October 29, 2017.

26. The Complaint and Summons convey information about the alleged debt, including the identity of the original creditor, and a current balance.

27. Thus, the Complaint and Summons were a "communication" as that term is defined at §1692a(2) of the FDCPA. *See Marquez v. Weinstein, Pinson & Riley, P.S.,* 836 F.3d 808, 812 (7th Cir. 2016) (Court pleadings are considered communications under the FDCPA and come under the Act).

28. The statute of limitations on a credit card in Illinois is five years from the date of breach of the credit agreement, which is typically the date of the first

missed payment. 735 ILCS 5/13–205; see also *Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill.App.3d 642, 909 N.E.2d 876 (1st Dist. 2009).

29. No payment or attempt at payment was made within five years prior to the date Defendants commenced the Circuit Court Case.

30. Attached to the Complaint is an affidavit from April Monroe who stated under oath that she was an employee of CPS and that she was an authorized agent for Cavalry. (Exh. E, Complaint).

31. In her affidavit filed in the Circuit Court Case, April Monroe stated that the alleged debt was charged off on July 30, 2010, which was more than five years prior to the date the Circuit Court Case was filed. (Exh. E, Complaint).

32. A defaulted debt must be charged off by a creditor after the passage of time of between two and six months with no payments after the date of first default, such that the date of charge off by a creditor always occurs **after** the date on which the credit agreement was breached.

33. Defendants and their attorneys, Blitt, had no evidence of Plaintiff making a payment or attempting to make a payment within the 5 years prior to the filing of the Circuit Court Case.

34. Plaintiff retained an attorney to represent her in the Circuit Court Case who e-filed his appearance on March 12, 2018.

35. Plaintiff's attorney notified Blitt, as attorney for Cavalry and CPS, that the complaint in the Circuit Court Case was not timely filed within statute of limitations through the filing a motion to dismiss the Circuit Court Case.

36. On March 13, 2018, the parties appeared for status in the Circuit Court Case and Blitt refused to dismiss the Circuit Court Case, but rather insisted that the complaint was filed within the statute of limitations, and asked for a briefing schedule to respond to the motion to dismiss, which was allowed. See Order entered March 13, 2018 setting briefing schedule attached as **Exhibit F**.

37. The parties' Motion to Dismiss, Response, and Reply were filed in the Circuit Court Case, and are attached as group **Exhibit G**.

38. On May 15, 2018, the judge presiding over the Circuit Court Case heard argument from counsel, found that the Circuit Court Case was not filed within the statute of limitations, granted Plaintiff's motion to dismiss, and dismissed the Circuit Court Case with prejudice. See Dismissal Order entered May 15, 2019, attached as **Exhibit G**.

39. 15 U.S.C. §1692e provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .(2) The false representation of—**

**(A) the character, amount, or legal status of any debt;**

**. . .(5) The threat to take any action that cannot legally be taken or that is not intended to be taken;**

**. . .(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

40. Defendants engaged in deceptive and misleading collection practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10) by filing and litigating a time-barred collection lawsuit.

41. 15 U.S.C. § 1692f provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

42. Defendants used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f, by filing and litigating a lawsuit on a time-barred debt.

43. Plaintiff incurred time and expense retaining counsel, appearing in, and defending herself in the Circuit Court Case, including payment of legal fees.

44. Cavalry bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including CPS and Blitt. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

45. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff re-alleges above paragraphs as set forth fully in this count.

47. Defendants engaged in deceptive and misleading collection practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10) by filing and litigating a time-barred collection lawsuit.

48. Defendants used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f, by filing and litigating a lawsuit on a time-barred debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

D. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Andrew Finko
 One of Plaintiff's Attorneys

Andrew Finko PC
180 W. Washington St.
Suite 400
Chicago, IL 60602
Tel (773) 480-0616
Fax (773) 453-3266
Email Finkolaw@fastmail.FM

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: s/ Andrew Finko
 One of Plaintiff's Attorneys